## Breslin *v.* Dobosh, Appellant.

*Evidence—Written evidence—Book of original entries.*

In an action for goods sold and delivered the plaintiff will be permitted to offer in evidence as a book of original entries, a book which he entitles a ledger, where it appears that when the plaintiff received orders he entered them in an order or day book without adding the price, and that subsequently these entries were copied into the ledger with the price added for the first time.

Argued Dec. 13, 1915.  Appeal, No. 247, Oct. T., 1915, by defendant, from judgment of C. P. Carbon Co., April T., 1912, No. 14, on verdict for plaintiff in case of Andrew Breslin v. George A. Dobosh.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.  Before BARBER, P. J.

At the trial the following offer was made on behalf of the plaintiff.

Mr. Scott: If the court please, we offer the book of original entries containing the account of George A. Dobosh.

Mr. Thomas: We object for the reason that the book is made up from books of original entry and memorandums and the memorandums as charged show that the accounts were charged against Joseph Heimbach at Dobosh's, and for the further reason that it is incompetent unless it is accompanied by the order book which, as testified to by the witness, is the book from which he copied these entries.

The Court: Objection overruled and book received as evidence page 451, marked Exhibit 1.  Exception noted for defendant.

Verdict and judgment for plaintiff for $866.98.

On a rule for a new trial BARBER, P. J., filed the following opinion:

The only error assigned, is the action of the court in admitting, as a book of original entries, plaintiff's book containing the charges against the defendant, as evidence of sale and delivery of the goods whose value was sought in the above action to be recovered. The affidavit of defense denies that defendant, or any one for him, purchased from the plaintiff any of the materials set forth in the statement, or that any of the items therein named were ever sold and delivered by plaintiff to defendant, or that defendant owes the whole or any part of the amount claimed to be due. While under the pleadings it was incumbent upon the plaintiff to prove that the goods set forth in the statement were sold and delivered to the defendant, yet, at the trial, the real controversy was as to whether defendant had given plaintiff an order for the goods. Defendant denied having given an order for the delivery of goods at a certain building, which a man named Heimbach was erecting for him on a lot in Lansford Borough. Defendant did not deny that the goods had not been delivered at the location alleged, or that the prices charged were not reasonable, but claimed the plaintiff should look to Heimbach, the contractor, not the defendant for the price.

The whole controversy, at the trial, turned upon whether defendant had or had not said to plaintiff, "send the lumber to my house and I will pay for it," and this was the only serious question submitted to the jury. Plaintiff testified, without objection, that, in pursuance of a conversation in which defendant said, "send it down but do not tell anybody" he sent the lumber and sold and delivered material to Dobosh for the houses to the amount of $618.24. That the lumber and materials were so delivered and the prices charged reasonable, was not, at any time, denied. This without more made out a prima facie case for the plaintiff, if, as found by the jury, defendant gave the order.

As part of the proof and a link in the chain of evidence showing sale and delivery of the goods, plaintiff

offered, as a book of original entries, the book known as a ledger containing the charges and credits from which the copy attached to the statement was taken. The form of the book is immaterial, provided it has the other requisites of a book of original entries. The clerk who made the entries in the ledger testified that the entries were made from "the day book," "order book or memorandum of deliveries," "the following day after the order was delivered."

The entries in the day or order book were made by a man who marked the delivery and furnished a description of the quality and quantity of goods without adding the price. To make the entries in the order book complete it would be necessary in each case to add the amount charged for the goods. The entries, although in a book, were mere memoranda made by an employee of the plaintiff from which the bookkeeper made up a permanent record and more nearly resembled the entries made by servants in the cases of Ingraham v. Bokius, 9 S. & R. 285; Jones v. Long, 3 Watts 325; Hoover v. Gehr, 62 Pa. 136.

The book called the ledger was the first and only complete permanent record of the charges against the defendant. The verdict could be sustained without these book entries, which are merely an itemized statement of the amount claimed. The plaintiff, as stated, had already without objection, testified to the sale and delivery of the goods and to the amount due him of which the entries were only an amplification. Neither the delivery or value of the goods was controverted. The single question was, did the defendant order the goods to be sent to his house? The jury found upon competent evidence, he did, and so ended the controversy.

And now, June 23, 1915, the rule for a new trial is discharged and judgment directed to be entered upon the verdict and the payment of the jury fee.

*Error assigned* was ruling on evidence quoting the bill of exceptions.

*W. G. Thomas,* of *Freyman, Thomas & Branch,* for appellant.—A book into which it appears entries are transcribed from time to time as the parties had leisure·from a counter book or blotter, is not a book of original entries: Breinig v. Meitzler, 23 Pa. 156.

*Leighton C. Scott,* for appellee.—We contend that the book received in evidence was the first and only complete record of the charges against the defendant, and that it was the plaintiff's book of original entries, and that the court below committed no error in receiving the same in evidence: Ingraham v. Bockius, 9 S. & R. 284; Hoover v. Gehr, 62 Pa. 136; Patton v. Ryan, 4 Rawle 408; Jones v. Long, 3 Watts 325; Nulton v. Baum, 8 Sadler 279; Philadelphia, to use, v. Tradesmen's Trust Company, 38 Pa. Superior Ct. 286; Laird v. Campbell, 100 Pa. 159; Rhoads v. Gaul, et al., 4 Rawle 403.

PER CURIAM, March 1, 1916:

The opinion of Judge BARBER, in refusing a new trial so thoroughly answers the only assignment of error that the judgment is affirmed for the reasons stated therein.

Judgment affirmed.